A. Dean Bennett (ISB #7735)
Joshua A. Rebollozo (ISB #13158)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, Idaho 83702
Telephone: 208.342.5000
Email: adbennett@hollandhart.com
jarebollozo@hollandhart.com

Zachary D. Williams *(pro hac vice forthcoming)*
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: 801.799.5800
zdwilliams@hollandhart.com

Attorneys for Plaintiffs Thomas V. McAuliffe and Fay L. McAuliffe

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| THOMAS V. McAULIFFE and FAY L. McAULIFFE,<br><br>Plaintiffs,<br><br>v.<br><br>NH LEGALCARE TRUST, including each of its series; SOLACE PRIVATE EQUITY, LLC; CONSUMER RECOVERY TEAM, LLC; CONSUMER RECOVERY TEAM, individually and as trustee of CRT GRANTOR TRUST SERIES A-2007; ENTORO SECURITIES, LLC; SONNY MATTA; PRANAV BHUTA; EDWARD ("ED") STEADMAN; and DOES 1–10,<br><br>Defendants. | Case No. [__________]<br><br>**COMPLAINT FOR RESCISSION UNDER SECTIONS 12(a)(1) AND 15 OF THE SECURITIES ACT OF 1933 AND THE IDAHO UNIFORM SECURITIES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Thomas V. McAuliffe and Fay L. McAuliffe (the "McAuliffes"), through their counsel, allege as follows.

## NATURE OF THE ACTION

1. In October 2025, Defendants sold the McAuliffes a purported "Equity-Linked U.S. Tax Bond," No. 532023, with a stated par value of $12,236,000 (the "Bond"), for $2,701,420 (the "Consideration"). The Bond was never registered with the Securities and Exchange Commission or under the Idaho Uniform Securities Act, and no exemption from registration applied. For those reasons, the McAuliffes hereby seek rescission and return of the Consideration, with interest, costs, and attorneys' fees, under Sections 12(a)(1) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77l(a)(1) and 77o, and Idaho Code § 30-14-509.

## PARTIES

2. Plaintiffs Thomas V. McAuliffe and Fay L. McAuliffe are husband and wife residing in Eagle, Ada County, Idaho.

3. Defendant NH LegalCare Trust is a purported special purpose series trust with a principal place of business in West Palm Beach, Florida. As used in this Complaint, "NH LegalCare" includes each series or affiliate identified in the transaction documents as the issuer of the Bond, including NH LegalCare Trust Series A-2017, Series 2025-2, and Series 2024-2.

4. Defendant Solace Private Equity, LLC ("Solace") is a limited liability company identified in the transaction documents as the issuer's "custodial agent" and "Regulation D Administrator." The Consideration was wired for Solace's benefit.

5. Defendant Consumer Recovery Team ("CRT") is sued individually and as grantor and trustee of CRT Grantor Trust Series A-2007. CRT issued the Collateral Certificate described below.

6. Defendant Entoro Securities, LLC ("Entoro") is a FINRA-member broker-dealer with its principal place of business at 720 N. Post Oak Road, Suite 400, Houston, Texas 77024.

7. Defendant Sonny Matta is an individual who signed the offer and subscription documents as “Attorney in Fact” for the issuer.

8. Defendant Pranav Bhuta is an individual who signed and authenticated the Collateral Certificate as Portfolio Manager of CRT.

9. Defendant Edward (“Ed”) Steadman is an individual. In a Form D/A filed with the SEC on February 23, 2022, NH Legal Care Trust A 2017, the series identified on the face of the Bond as its issuer, listed its address as “C/O ED STEADMAN” and identified Steadman as its Executive Officer and “Grantor/Trustee,” and the filing was signed by “/s/Ed Steadman.” On information and belief, Steadman directs or participates in directing the business of NH LegalCare and Solace.

10. Defendants Does 1–10 are persons, not yet identified, who offered or sold the Bond, or who controlled a person who did.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction under 15 U.S.C. § 77v(a) and 28 U.S.C. § 1331, and supplemental jurisdiction over the Idaho claims under 28 U.S.C. § 1367(a) because they arise from the same sale. Section 22(a) of the Securities Act authorizes nationwide service of process.

12. Venue is proper in this District under 15 U.S.C. § 77v(a) and 28 U.S.C. § 1391(b)(2). The offer was directed to the McAuliffes in Idaho; they accepted it, signed the transaction documents, and wired the Consideration from Idaho.

13. Under Idaho Code § 30-14-610, the offer to sell and the acceptance of that offer were made in Idaho.

14. Under Section 14 of the Securities Act, 15 U.S.C. § 77n, and Idaho Code § 30-14-509(l), any provision of the transaction documents that would require the McAuliffes to waive compliance with the Securities Act or the Idaho Uniform Securities Act is void.

## FACTS

15. On or about October 2, 2025, Matta transmitted an offer sheet on NH LegalCare letterhead offering the McAuliffes "$12,236,000 of convertible tax bonds" for a prepayment of $2,701,420. The offer sheet bore the legend "Securities Offered by Entoro Securities, LLC Member FINRA/SIPC."

16. The McAuliffes signed a Subscription Agreement and a Notional Principal Forward Tax Bond Purchase Agreement (the "Subscription Documents") in Idaho on or about October 8, 2025, through an electronic-signature process conducted under the Entoro legend.

17. As directed, the McAuliffes wired $2,701,420 on or about October 8, 2025, to "1Transfer LLC, FBO Solace Private Equity, LLC" at Luminate Bank. The wire instructions state that "[f]unds are to be sent directly to Entoro's treasury account."

18. Matta signed the Subscription Documents on behalf of the issuer on or about October 8, 2025. The Subscription Documents invoke Rule 506(c) of Regulation D.

19. The Bond, styled a "Convertible Tax Bond" of NH LegalCare Trust Series A-2017, bears No. 532023 and an "Original Issue Date" of December 31, 2020.

20. On October 10, 2025, CRT executed Collateral Certificate No. 532023 of CRT Grantor Trust Series A-2007 (the "Collateral Certificate"), signed and authenticated by Bhuta, with a stated "Conversion Value" of US $12,236,000 and a stated correlation to the Bond.

21. Entoro solicited the purchase for its own financial interest. Its legend appears on the offer sheet, the e-signature instructions, and the wire instructions. The Consideration was directed to "Entoro's treasury account." Entoro has been described to Mr. McAuliffe as "the placement agent and recipient of your investor monies." Entoro charges success fees for private placements.

22. The Bond, the Collateral Certificate, and the interests they purport to represent are "securities" under 15 U.S.C. § 77b(a)(1), including as bonds, evidences of indebtedness, investment contracts, and certificates of interest or participation in a trust.

23. No registration statement was filed or in effect for the Bond, the Collateral Certificate, or any related interest, and none was registered under Idaho Code § 30-14-301.

24. No exemption from registration applied, and Defendants bear the burden of proving one.

25. Rule 506 is unavailable for any offering in which the issuer, any predecessor or affiliated issuer, any director, executive officer, other officer participating in the offering, general partner, or managing member of the issuer, any beneficial owner of 20% or more of the issuer's voting equity, any promoter, or any person compensated for soliciting purchasers (each a "Covered Person") is subject to a disqualifying event. 17 C.F.R. § 230.506(d)(1). Even disqualifying events that pre-date September 23, 2013 must be disclosed in writing to each purchaser a reasonable time before sale. 17 C.F.R. § 230.506(e).

26. Steadman is a Covered Person. NH Legal Care Trust A 2017 has identified him to the SEC as its Executive Officer and Grantor/Trustee. On information and belief, he also directs or controls NH LegalCare and Solace, originated and acts as a promoter of the offering, or both. On information and belief, Steadman was formerly known as Edward Cherry and has also used the names Edward T. Kennedy, Edward C. Tudor, and Gregory Steadman.

27. Public court records reflect, among other things, that Steadman: (a) under the name Edward Kennedy, held himself out as a licensed attorney and operated a debt-relief law firm whose conduct has been alleged to have harmed thousands of creditors; (b) was sentenced in 2019 to 27 months' imprisonment after pleading guilty to making false statements to a federal

firearms dealer; (c) was sentenced in 2019 to 12 months' imprisonment on charges of furnishing false information to the Social Security Administration and using a fraudulently obtained Social Security number; (d) under the name Edward Cherry, was the subject of a 2012 action by the Florida Office of the Attorney General arising from a land-trust business, which was shut down after a state investigation concluded that companies with which he was involved "diverted millions of dollars to themselves and a coterie of families and associates"; (e) under the name Edward Cherry, was found liable in 2016 for approximately $47.7 million for tortious interference, abuse of process, and conspiracy arising from a consumer debt-consolidation business; (f) was held in contempt in his own bankruptcy case in 2016 for refusing to provide required disclosures; and (g) was named, with Solace, in a 2019 action alleging fraud in connection with a debt-consolidation business.

28. Matta, who executed the Subscription Agreement for the issuer, was previously named as a defendant by a Chapter 7 trustee in an action arising from a note offering, in which he was alleged to have "played a key role in luring investors … with the false promises of high return with low risk."

29. Entoro, a compensated solicitor and placement agent for the offering, has "a legal or disciplinary history."

30. None of the offering documents provided to the McAuliffes disclosed Steadman's role in the offering, his other names, the prior action against Matta, or any other event described in Rule 506(d)(1). The offering was therefore ineligible for Rule 506 under Rule 506(d) or, at a minimum, failed the disclosure condition of Rule 506(e).

31. In its February 23, 2022 Form D/A, NH Legal Care Trust A 2017 certified that it "is not disqualified from relying on Rule 504 or Rule 506 for one of the reasons stated in Rule

504(b)(3) or Rule 506(d).” The issuer likewise certified as such in its initial Form D filing on October 19, 2017. The September 25, 2025 Form D/A, signed by Mark Belongia as General Counsel of NH Legal Care Trust, does not identify Steadman as a related person.

32. Defendants used the mails and means of interstate commerce, including email, electronic-signature platforms, and interstate wire transfers, to offer and sell the securities.

33. On information and belief, Matta, Bhuta, and Steadman each directly or indirectly controlled NH LegalCare, Solace, or CRT, through their positions as attorney-in-fact, portfolio manager, executive officer, grantor, trustee, or principal, and each had the power to direct the issuance and sale of the securities.

34. The McAuliffes have received no income on the securities.

35. Any purported “conversion” of the Bond was part of the same unlawful sale. In the alternative, to the extent Defendants contend the McAuliffes no longer own the securities, the McAuliffes seek damages under 15 U.S.C. § 77l(a).

36. The sale was consummated on October 10, 2025, when the issuer accepted the McAuliffes’ subscription and delivered the executed transaction documents. This action is brought within one year after the violation and within three years after the securities were first bona fide offered to the public, as required by 15 U.S.C. § 77m, and within the period required by Idaho Code § 30-14-509(j). The McAuliffes have not received a rescission offer complying with Idaho Code § 30-14-510.

## COUNT I

### Section 12(a)(1) of the Securities Act, 15 U.S.C. § 77l(a)(1)

*(Against NH LegalCare, Solace, CRT, Entoro, Matta, and Does 1–10)*

37. The McAuliffes incorporate the preceding paragraphs.

38. Each Defendant named in this Count passed title to the securities to the McAuliffes, or successfully solicited their purchase motivated at least in part by its own financial interest or that of the issuer.

39. Each offered or sold the securities in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e(a) and (c).

40. The McAuliffes are entitled to recover the Consideration of $2,701,420, with interest, less any income received, upon tender of the securities, or damages if they no longer own them.

**COUNT II**

**Section 15 of the Securities Act, 15 U.S.C. § 77o**

*(Against Matta, Bhuta, Steadman, and Does 1–10)*

41. The McAuliffes incorporate the preceding paragraphs.

42. Each Defendant named in this Count controlled, by agency, trusteeship, or otherwise, one or more Defendants liable under Count I.

43. Each is jointly and severally liable with, and to the same extent as, the person he controlled.

**COUNT III**

**Idaho Code §§ 30-14-301 and 30-14-509(b)**

*(Against NH LegalCare, Solace, CRT, Entoro, Matta, and Does 1–10)*

44. The McAuliffes incorporate the preceding paragraphs.

45. The Bond and the Collateral Certificate are securities under Idaho Code § 30-14-102. Each Defendant named in this Count offered or sold them in Idaho without registration and without an applicable exemption, in violation of Idaho Code § 30-14-301.

46. Under Idaho Code § 30-14-509(b), the McAuliffes are entitled to recover the Consideration, less any income received, plus interest from the date of purchase at the rate specified in Idaho Code § 28-22-104(2), costs, and reasonable attorneys' fees, upon tender of the securities, or actual damages if they no longer own them.

**COUNT IV**

**Idaho Code § 30-14-509(g)**

*(Against Matta, Bhuta, Steadman, Entoro, and Does 1–10)*

47. The McAuliffes incorporate the preceding paragraphs.

48. Each Defendant named in this Count directly or indirectly controls a person liable under Count III, is an individual performing functions similar to those of an executive officer or director of such a person, or is a broker-dealer or agent that materially aided the conduct giving rise to that liability.

49. Each is jointly and severally liable with, and to the same extent as, the persons liable under Count III.

**PRAYER FOR RELIEF**

The McAuliffes request judgment against Defendants, jointly and severally, for:

A. rescission, and return of the Consideration of $2,701,420, with interest, less any income received, upon tender of the securities;

B. in the alternative, damages under 15 U.S.C. § 77l(a) and Idaho Code § 30-14-509(b)(3);

C. prejudgment interest, including at the rate specified in Idaho Code § 28-22-104(2) from the date of purchase, and post-judgment interest;

D. costs and reasonable attorneys' fees under Idaho Code § 30-14-509(b) and as otherwise permitted by law; and

E. such other relief as the Court deems just.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38, the McAuliffes demand a jury trial on all issues so triable.

DATED: October 08, 2026.

HOLLAND & HART LLP

By: /s/ A. Dean Bennett
A. Dean Bennett
Attorneys for Plaintiffs